JAENAM COE  (SBN 175920)
LAW OFFICES OF JAENAM COE PC
3731 Wilshire Blvd. Suite 910
Los Angeles, CA  90010
Telephone:  213-389-1400
Attorney for Plaintiff,
RB FASHION & DESIGN, INC.

# IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA (LOS ANGELES)

| | |
|---|---|
| PACIFIC ARENA NATURALS, INC., a California Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>HMM (AMERICA), INC., a California Corporation; HYUNDAI MERCHANT MARINE COMPANY, LTD., a foreign corporation; DOES 1 -10.<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR INDEMNITY AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, PACIFIC ARENA NATURALS, INC., a California Corporation, ("PAN" or "Plaintiff"), for its complaint against Defendants, HMM (AMERICA), INC. ("HMM AMERICA"), a California Corporation, and HYUNDAI MERCHANT MARINE COMPANY LTD, ("Hyundai") a foreign corporation and DOES 1 through 10, inclusive, ("Defendants"), hereby alleges as follows:

**PARTIES**

-1-

1. PAN is a California corporation, organized and existing under the laws of the State of California with its principal place of business located in Los Angeles County, California. PAN hired the service of OMNIQ, INC. non-vessel operating common carrier which acted as Agent for HMM AMERICA, the carrier, and entered into a contract of carriage with Hyundai for international ocean transit of the cargo comprising of 3,473 boxes containing total of 41,676 cans of aerosol cheese, (the "Cargo") with its invoice value of $110,024.64 that is the subject of this lawsuit.

2. HMM AMERICA is a California corporation with its principal place of business at 14251 E. Firestone Blvd. 2F La Mirada, CA 90638. Hyundai, the parent company of HMM AMERICA, is an ocean carrier which accepted for international ocean transit the cargo that is the subject of this Lawsuit pursuant to PAN's contract with OMNIQ, INC.

3. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have contributed to Plaintiff's damages or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

4. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full

knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this action under 28 U.S.C. §1333 because its subject matter addresses international ocean transportation of cargo from the United States to Korea. Venue in this Court is proper based on domiciliary of Defendant HMM AMERICA.

## GENERAL ALLEGATIONS

6. On or about June 7, 2021, HMM AMERICA partook the shipment of the Cargo and employed the service of Hyundai, and its vessel YM UPSURGENCE 0048W for sail to Busan Korea, utilizing refrigerated container with restrictive allowed temperature ranges.

7. Said Cargo was damaged, destroyed and delayed while in Hyundai's care, custody and control during the transport governed by Hyundai's sea waybill.

8. PAN learned of the damages through the notice received from its ultimate recipient, SEOUL DAIRY COOPERATIVE, who notified that all of the aerosol cans leaked, and PAN is facing liability and/or loss from the damages to the Cargo.

9. Upon information and belief, the aerosol cans in the Cargo leaked as a result of Hyundai's failure to maintain refrigeration during the sea voyage.

10. Any negligence, breach of contract or other wrongdoing that caused or contributed to Cargo's damages was committed by, and/or is the responsibility of, Hyundai.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

11.  PAN repeats and realleges the allegations of paragraphs 1 through 10 as if fully stated herein.

12.   HMM AMERICA and Hyundai owed a duty of reasonable care to maintain the refrigeration status of the container and otherwise, keep the cargo in safe condition.

13.   Defendants, HMM AMERICA and Hyundai failed to exercise reasonable care in maintaining the temperature or the proper refrigeration status of the Cargo during the transportation voyage causing the damages to its contents.

14.   Defendants, HMM AMERICA and Hyundai are the sole parties entrusted to during the voyage and are responsible for the damages to the Cargo.

15.   PAN is entitled to full compensation of any and all loss resulting from the damages to the Cargo, plus PAN's costs and attorneys' fees incurred in the prosecution of this action.

## SECOND CAUSE OF ACTION

## INDEMNITY

16.  PAN repeats and realleges the allegations of paragraphs 1 through 10 as if fully stated herein.

17.   Any negligence, breach of contract or other wrongdoing that caused or contributed to damages to the Cargo is the contractual and/or statutory and/or common law and/or international treaty responsibility of Hyundai.

18.   PAN is entitled to full indemnity from Hyundai and HMM AMERICA for any and all liability or loss it may incur due to the damages to the Cargo, plus PAN's costs and attorneys' fees incurred in the prosecution of this

action.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for the following relief:

### *Against All Defendants*

WHEREFORE, PAN prays for relief as follows:

1) For an award of indemnity against Hyundai and HMM AMERICA for any and all liability PAN may be adjudged to have to any claimant related to the Cargo, and/or any damages PAN ultimately incurs due to the damages to the Cargo, including PAN's costs and attorneys' fees incurred in the defense of any law suit;

2) For an award of PAN's costs and attorneys' fees incurred in the prosecution of this action; and

3) For such other and further relief as the Court may deem just and proper. Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: November 12, 2021            LAW OFFICES OF JAENAM J. COE

BY: _____
         Jaenam J. Coe
         Attorney for Plaintiff
         Pacific Arena Naturals, Inc.